**Miguel ESPINOZA-HERNANDEZ, Petitioner,**

v.

**Jefferson B. SESSIONS III, Attorney General, Respondent.**

No. 10-71699

United States Court of Appeals, Ninth Circuit.

Submitted December 18, 2017 *

Filed December 20, 2017

Katarina Rost, Law Office of Katarina Rost, San Francisco, CA, for Petitioner

OIL, Ann Carroll Varnon, Esquire, Attorney, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

MEMORANDUM **

Miguel Espinoza-Hernandez, a native and citizen of Mexico, petitions for review of an order by the Department of Homeland Security ("DHS") reinstating a 1999 expedited removal order. We have jurisdiction under 8 U.S.C. § 1252. Our review of

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

DHS' reinstatement order is "limited to confirming the agency's compliance with the reinstatement regulations." *Garcia de Rincon v. Dep't of Homeland Sec.*, 539 F.3d 1133, 1137 (9th Cir. 2008). We review de novo due process claims and questions of law. *Id.* at 1136. We deny the petition for review.

DHS did not err in issuing Espinoza-Hernandez's reinstatement order, where the record shows he is an alien, he was subject to a prior order of removal, and he illegally reentered the United States subsequent to that order. *See id.* at 1137 (court's jurisdiction over a reinstatement order is limited to reviewing "three discrete inquiries an immigration officer must make in order to reinstate a removal order: (1) whether the petitioner is an alien; (2) whether the petitioner was subject to a prior removal order, and (3) whether the petitioner re-entered illegally" (citation omitted)).

Espinoza-Hernandez's contentions that DHS did not comply with the procedural requirements in 8 U.S.C. § 241.8 are not supported by the record.

Due to our limited review of reinstatement orders, Espinoza-Hernandez's contentions regarding eligibility for adjustment of status are not properly before the court. *See id.* at 1137.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.